IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLEOPHUS CARRAWAY, (TDCJ-CID #4903292) Plaintiff, vs. ZAE ZEON, et al., Defendants. | § § § § § § § § § § § CIVIL ACTION H-16-2754 |

**MEMORANDUM AND OPINION**

**I. Procedural History and Background**

Cleophus Carraway, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a complaint under 42 U.S.C. § 1983 in September 2016 alleging civil rights violations. Proceeding pro se, Carraway sues the following prison officials at the Wynne Unit: Zae Zeon, Medical Director; Jamie Williams, Practice Manager; Stephanie Oliver, Physician's Assistant; Jacklyn Fisher, Nurse Manager; and Krystal Rotramel, vocational nurse.

Carraway filed his original complaint on September 7, 2016. (Docket Entry No. 1). On September 26, 2016, this Court ordered Carraway to show cause, (Docket Entry No. 9), and Carraway complied on October 6, 2016. (Docket Entry No. 10). On October 20, 2016, this Court entered an order for service of process. (Docket Entry No. 11).

On December 19, 2016, Defendants filed a Motion for Dismissal Pursuant to Rule 12(b)(1) and 12(b)(6). (Docket Entry No. 14). On January 18, 2017, Carraway filed a motion to supplement his complaint and expand the Court's jurisdiction. Carraway sought to amend his complaint to

include claims against University of Texas Medical Branch and the Correctional Managed Care ("CMC"). On February 2, 2017, this Court denied Carraway's motion to supplement his complaint and expand the Court's jurisdiction. (Docket Entry No. 29).

On February 21, 2017, this Court dismissed the complaint without prejudice for want of prosecution and for failure to comply with the Court's order. (Docket Entry No. 30). The Court denied Defendants' motion to dismiss as moot, without consideration of the merits of the motion.

Carraway filed a notice of appeal on April 17, 2017, (Docket Entry No. 34). On July 19, 2017, the United States Court of Appeals for the Fifth Circuit remanded this case, stating, in part:

> Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment. In this prisoner civil rights case, the district court entered a final judgment dismissing the complaint on February 21, 2017. Therefore, the final day for filing a timely notice of appeal was March 23, 2017. The plaintiff's pro se notice of appeal is dated April 10, 2017, and stamped as filed on April 17, 2017. However, on March 6, 2017, Carraway filed a motion for extension of time "to respond to the order of dismissal." The district court construed this motion as a motion to extend time to file a motion for new trial and denied it on April 18 on the grounds that such motions are not allowed. The district court did not consider whether, giving Carraway the benefit of liberal construction, the motion should have been construed as a motion under Federal Rule of Appellate Procedure 4(a)(5) which, if granted, would make Carraway's notice timely. Thus, we remand this case to the district court to consider whether the motion for extension of time should be construed as a Rule 4(a)(5) motion and, if so, whether it should be granted.

(Docket Entry No. 42).

Upon reconsideration, the Court granted Carraway's constructive motion for extension of time to file a notice of appeal under Rule 4(a)(5). (Docket Entry No. 33). On September 6, 2018, the Fifth Circuit vacated this Court's dismissal and remanded this case for further proceedings.

2

(Docket Entries Nos. 46 & 47).

Carraway filed a response to Defendants' Motion to Dismiss on September 6, 2018, (Docket Entry No. 49), and a supplemental response on September 11, 2018. (Docket Entry No. 51). On September 18, 2018, Defendants filed a Motion to Dismiss, (Docket Entry No. 52). Carraway has not responded.

Based on the pleadings, the motion, responses, and the applicable law, this Court denies the motion to dismiss filed by Defendants. The reasons for this ruling are stated below.

## II. Carraway's Allegations

Carraway is an inmate of the Polunsky Unit of the TDCJ-CID. Carraway complains of deliberate indifference to his medical need while confined in the Skyview Unit in Lovelady, Texas, and later at the Wynne Unit in Huntsville, Texas. Carraway asserts that in 2013, while at the Skyview Unit, he was prescribed Triftuoperazine, an antipsychotic medication. On May 13, 2015, while at the Wynne Unit, Carraway states that the Triftuoperazine caused him to experience the following side effects: his "trapezius and deltoid muscles are damaged, blurred vision, weight loss, [and] uncoordinated movements." (Docket Entry No. 10, p. 1). In support of his contention that the medication caused his injuries, he alleges that he was on other antipsychotic medication, but when Dr. Gary Morton "changed my medication over a period of time I started experiencing twisting of my head and severe spasms in the neck muscles." (Docket Entry No. 10, p. 1). Carraway alleges that Mental Health Manager Paul Windmon informed him that his side effects were caused by the Triftuoperazine. (*Id.*).

Carraway claims that Defendant Zae Zeon refused to treat his violent shaking, shortness of breath, and excruciating pain. Carraway contends that Dr. Zeon should have prescribed

3

diphenhydramine and antihistamine injections because this would have reduced the swelling in his muscles. *Id.* Carraway alleges that Krystal Rotramel, Vocational Nurse, informed him that diphenhydramine would have been an appropriate course of treatment. (Docket Entry No. 10, p. 2).

Carraway asserts that Krystal Rotramel failed to treat the pain he was experiencing in his trapezious and deltoid muscles. Carraway asserts that Defendant Rotramel told him that there was nothing she could do because Carraway had been on medications for such a long time. Carraway contends that Defendant Rotramel should have referred Carraway to a physician for further treatment. (Docket Entry No. 10, p. 6).

Carraway alleges that Defendant Jamie Williams violated his rights by refusing him the appropriate course of treatment. Carraway acknowledges that Williams does not provide patient care, but he claims that she knew about Carraway's problem. (Docket Entry No. 10, p. 3). Carraway further alleges that Williams is liable to him because she oversees the medical department and had a duty, and the requisite knowledge, to see to it that he was referred to another doctor. (Docket Entry No. 10, p. 7). Carraway alleges that Williams should have provided additional monitoring of his condition. Carraway asserts that if his condition had been monitored on a daily basis, he would not have gotten worse. (Docket Entry No. 10, p. 3).

Carraway alleges that Defendant Stephanie Oliver violated his rights by failing to do a "hands-on" examination of him during medical visits. (Docket Entry No. 10, p. 4). He asserts that Defendant Stephanie Oliver should have administered a Benadryl injection to alleviate Carraway's tremors. He claims that if Defendant Oliver had diagnosed his condition sooner, he would not have required an onabotulinum toxin A injection. (*Id.*).

Carraway alleges that Defendant Jacklyn Fisher was the Nurse Manager of Medical Services,

and she should have ensured that he received proper medical care in the form of antihistamine such as a Benadryl capsule or injection. (Docket Entry No. 10, p. 5). Carraway acknowledges that Defendant Fisher could not prescribe medication, but she could have referred him to a specialist. (*Id.*).

Carraway states that he was treated on the following days:

1. June 23, 2015: examined by Dr. Zeon

2. July 24, 2015: Nurse Rotramel administered a Benadryl injection.

3. August 22, 2015: Nurse Rotramel administered a Benadryl injection.

4. September 17, 2015: examined by Dr. Zeon

5. October 21, 2015: examined by Dr. Zeon

6. November 25, 2015: examined by Physician's Assistant Oliver

7. December 2, 2015: examined by Physician's Assistant Oliver

8. December 6, 2015: examined by Dr. Zeon

9. December 15, 2015: examined by Physician's Assistant Oliver

10. December 23, 2015: examined by Physician's Assistant Oliver

11. December 28, 2015: examined by Dr. Zeon in the infirmary

12. January 5, 2016: examined by Dr. Zeon

13. January 11, 2016: examined by Dr. Zeon

14. February 1, 2016: examined by Dr. Vincent

15. February 19, 2016: examined by Nurse Deer in the infirmary

16. March 16, 2016: examined by Physician's Assistant Oliver

17. April 29, 2016: examined by Dr. Zeon

Carraway alleges that he repeatedly requested a stronger medication. Dr. Zeon said he would cancel all medications. He complains that Physician's Assistant Oliver refused to administer a Benadryl injection even though she was observing Carraway shaking violently due to the side effects of the medicine. Carraway asked for prescriptions for Benztropine and Nortriptyline. Carraway states that he lost thirty-eight pounds and requested hypercaloric snacks. He further requested an electronic myography and biopsy. Carraway states that he is receiving the following medications: Benadryl injections, Botox injections every ninety days, Benztropine, hypercaloric snacks, muscle relaxer, and Baclofen.

Carraway sues Defendants in their individual and official capacities. (Docket Entry No. 10, p. 7). Carraway seeks compensatory damages, punitive damages, and both declaratory and injunctive relief ordering Defendants to provide him proper medical treatment. (*Id.*).

### III. Standard of Review

#### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or

by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

In reviewing a motion under 12(b)(1), the Court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *Blue Water Endeavors, LLC v. AC & Sons, Inc. (In re Blue Water Endeavors, LLC)*, Ch. 11 Case No. 08–10466, Adv. No. 10–1015, 2011 WL 52525, at *3 (E.D. Tex. Jan. 6, 2011) (citing *Rodriguez v. Tex. Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 199 (5th Cir. 2000)). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525, at *3 (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

Alternatively, for a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id.* (citing *Irwin*

*v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony, or other admissible evidence. *Paterson*, 644 F.2d at 523. The plaintiff, to satisfy her burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* In reaching its decision, "the [C]ourt is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quotation marks and citations omitted); *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

The Court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside of the pleadings. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011)(citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)); Fed. R. Civ. P. 12(h)(3).

**B.    Rule 12(b)(6)**

A party may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Under the 12(b)(6) standard, all well-pleaded facts are viewed

8

in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. When a plaintiff's complaint fails to state a claim, the Court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks omitted) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

"A document filed pro se is 'to be liberally construed,'... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under this standard, pleadings filed by a pro se litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000). However, even a pro se complaint may not merely set forth conclusory allegations. The pro se litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

**IV. Analysis**

"'A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted."'" *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (quoting *Collins*, 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1050)); *accord Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Applying the foregoing *Twombly* principles, the Court finds that Carraway has alleged sufficient facts to provide fair notice of his claim and shows the right to relief is plausible as against Defendants Zeon, Oliver, and Fisher. The facts as alleged are sufficient to state a claim that Defendants Zeon, Oliver, and Fisher knew of and disregarded an excessive risk to Carraway's health or safety. While the claim may not be sustainable at the summary judgment or trial stages, Carraway has sufficiently stated a claim that Defendants Zeon, Oliver, and Fisher were deliberately indifferent to his serious medical needs sufficient for the purposes of Rule 12(b)(6).

Carraway is not required to plead every who, what, when, where, how, and why related to the claim. Carraway could have pleaded more details, but at this stage of the case, he only has to state a plausible claim. Carraway's allegations are plausible enough to survive a Rule 12(b)(6) motion. Defendants Zeon, Oliver, and Fisher's motion to dismiss, (Docket Entry No. 52), is DENIED.

## V. Conclusion

The Motion to Dismiss under Rule 12(b)(6) filed by Defendants Zeon, Williams, Oliver, and Fisher, (Docket Entry No. 52), is DENIED. Carraway's claims against Defendants Zeon, Williams, Oliver, and Fisher are RETAINED for further proceedings. It is further ORDERED that:

(1) Defendants must file a motion for summary judgment under Fed. R. Civ. P. 56, no later than **September 16, 2019.** Defendants must submit, with a business records affidavit, copies of any documents relevant to Carraway's claims and Defendants' defenses, including copies of any written TDCJ-CID rules or written unit rules relevant to the alleged events forming the

basis of this lawsuit. If Defendants fail to file a motion for summary judgment within the time specified, Defendants must file an advisory to the Court regarding the reasons why summary judgment is inappropriate in this case.

(2) Carraway will respond to Defendants' motion for summary judgment within thirty (30) days of the date in which Defendants mailed Carraway his copy of the additional pleadings, as shown on Defendants' certificate of service. Carraway's failure to respond to Defendants' motions within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b), Fed. R. Civ. P.

(3) Each party must serve the other party, or his counsel, with a copy of every pleading, motion, or other paper submitted for consideration by this Court. Service must be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court must be signed by at least one attorney of record in his individual name, whose address must be stated, or if the party is proceeding pro se, by said party, with address likewise stated. In the case of the pro se party, only signature by the pro se party will be accepted. If a layman signs a pleading, motion, or other document on behalf of a pro se party, such document will not be considered by the Court.

(4) Every pleading, motion, or other document must include on the original a signed certificate stating the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanction by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

(5) There will be no direct communications with the U.S. District Judge or Magistrate Judge.

Communications must be submitted to the Clerk with copies to the other party. *See* Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

(6) The Clerk will provide a copy of this order to Carraway. The Clerk shall further provide a copy of this order to Leah O'Leary, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, 300 W. 15th Street, Austin, Texas 78701, by Fax: 512-936-2109. Copies shall also be sent by e-mail to the following docketing clerks assigned to the Attorney General's Office, Law Enforcement Defense Division: (1) Gloria Chandler at gloria.chandler@oag.texas.gov; (2) Elizabeth Mejia at elizabeth.mejia@oag.texas.gov; and (3) the General Mailbox for Docketing at led_docket@oag.texas.gov.

Carraway's Motion for Discovery, (Docket Entry No. 48), and Motion for the Appointment of Counsel, (Docket Entry No. 50), are DENIED without prejudice to reconsideration after Defendants file their motion for summary judgment.

SIGNED at Houston, Texas, on __JUL 0 4 2019__.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

13