IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEOPHUS CARRAWAY, | § | |
| (TDCJ #0490329) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-2754 |
| | § | |
| ZAE ZEON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This is a prisoner civil rights case filed under 42 U.S.C. § 1983 by state inmate Cleophus Carraway, who alleges that he was denied adequate medical care while incarcerated in the Texas Department of Criminal Justice ("TDCJ"). Defendants have filed a motion for leave to exceed the Court's page limit by filing a 28-page summary judgment motion (Docket Entry No. 59), which they have submitted under seal (Docket Entry No. 61). Carraway has filed numerous motions, including a request for an extension of time to file a response (Docket Entry No. 62) and a request for leave to file a 59-page response in excess of the page limit (Docket Entry No. 68). He has also filed a motion for appointment of counsel (Docket Entry No. 65); a "motion to file motions" (Docket Entry No. 66); and a motion to file supplemental pleadings (Docket Entry No. 67). He has filed several other motions in an effort to establish his entitlement to relief, his standing to sue, the standard of review for his claims, and whether the defendants are entitled to immunity (Docket Entry Nos. 64, 69, 70, & 71), which the Court construes as briefing in support of his claims.

Carraway's motion to file supplemental pleadings appears to request leave to add another medical provider as a defendant. The medical provider identified by Carraway (Dr. Morton) allegedly prescribed medication for him in 2015. Dr. Morton has not been named as a defendant in this case previously (Docket Entry No. 1, p. 3). Because adding another defendant at this late date would only further delay the litigation in this case, Carraway's motion to file supplemental pleadings against Dr. Morton will be denied.

Regarding Carraway's motion for appointment of counsel, there is no automatic constitutional right to appointment of counsel in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Although a district court may appoint counsel if such would advance the proper administration of justice, it will ordinarily only do so in exceptional circumstances. *See* 28 U.S.C. § 1915(d); *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015); *Ulmer*, 691 F.2d at 213. When deciding whether to appoint counsel, the Court considers (1) the type and complexity of the case; (2) whether the indigent was capable of presenting his case adequately; (3) whether the indigent was in a position to investigate the case; and (4) whether the evidence would consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross examination. *Ulmer*, 691 F.2d at 213.

Liberally construed, Carraway's claim centers on an alleged failure or refusal of his medical providers to adjust his medication regimen with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Eighth Amendment deliberate indifference medical cases do not present a novel question of law. Likewise, it

is evident that Carraway's claims depend on events for which he was present and about which he has personal knowledge. Thus, this case is neither legally nor factually complex.

The record demonstrates that Carraway has represented himself capably so far in this case. His pleadings are neatly prepared and articulate. He has successfully navigated the appeals process and survived a motion to dismiss, showing that he understands the legal issues and basic procedure. Although Carraway notes that he is indigent and has only limited knowledge of the law, this is true of most *pro se* litigants and does not, standing alone, constitute an exceptional circumstance. The number of motions and briefing submitted by Carraway further reflect that he is capable of responding to the defendants' pending summary-judgment motion.

Based on this record, the Court finds that this is not an exceptional case that warrants the appointment of counsel at this time. As the case progresses, however, and especially if a trial becomes necessary, the Court may determine on its own motion that the assistance of appointed counsel would be warranted to finalize investigations for trial, and to bring the skills of an attorney to the courtroom for selection of a jury, examination and cross-examination of witnesses, and presentation of evidence, among other things.

Accordingly, the Court **ORDERS** as follows:

1. Defendants' motion to file excess pages (Docket Entry No. 59) is **GRANTED**, and they are permitted to file a 28-page motion for summary judgment.
2. Plaintiff Cleophus Carraway's motion for an extension of time (Docket Entry No. 62) is **GRANTED**, and he shall have up to and including **December 3, 2019** to respond to Defendants' motion for summary judgment.

3. Plaintiff's motion to file a response in excess of the 20-page limit (Docket Entry No. 68) is **GRANTED in part**, and **DENIED, in part**. Because the plaintiff has already presented briefing on several legal issues in response to the summary judgment motion, any additional response may not exceed **thirty (30) pages**.

4. Plaintiff's motion for appointment of counsel (Docket Entry No. 65); "motion to file motions" (Docket Entry No. 66); and motion to file supplemental pleadings (Docket Entry No. 67) are **DENIED**.

5. Plaintiff's other motions (Docket Entry Nos. 64, 69, 70, & 71) will be construed and styled as briefing in support of Plaintiff's claims because they are assertions in response to the motion for summary judgment rather than requests for specific relief from the Court.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on NOV 0 8 2019.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

4